**PEERLESS INSURANCE COMPANY, Plaintiff,**

**v.**

**Braulio DISLA, William Kosbob, William Kosbob, as Father and next best Friend of Mathew Kosbob, a Minor Child, Washington Alvarez, Maria C. deAlvarez, Anthony Bellocchio, Anne McNamara, Jarrell Crawford, Michael Ponticello, Salvatore Ponticello, Clara Ponticello, City of Stamford, Jerry C. Pia, Mark Katz, Marc D. Peyser, Pat Broom, Eileen M. Ianazzi, Robert E. King, Jill Beaudry, Dannell P. Malloy, James Sarafino, Michael Nast, Lynda Hautala, and Theodore Boccuzzi, Defendants.**

No. 3:97CV00904 (GLG).

United States District Court,
D. Connecticut.

March 23, 1998.

Daniel A. Benjamin, Benjamin & Gold, Stamford, CT, for William Kosbob.

Dominick J. Rutigliano, Law Offices of Daniel D. Portanova, Bridgeport, CT, for Washington Alvarez, Maria C. Dealvarez.

James V. Minor, City of Stamford, Office of Legal Affairs, Stamford, CT, for City of Stamford, Jerry C. Pia, Mark Katz, Marc D. Peyser, Pat Broom, Eileen M. Ianazzi, Robert E. King, Jill Beaudry, Dannell P. Malloy, James Sarafino, Michael Nast, Lynda Hautala, Theodore Boccuzzi.

### Memorandum Decision

GOETTEL, District Judge.

In this declaratory judgment action, Peerless Insurance Company seeks a declaration of its duty to defend defendant Braulio Disla, its insured, in a state-court action brought by William Kosbob, as Father and Next Best Friend of Mathew Kosbob, for personal injuries suffered by Mathew. Peerless contends that all claims asserted in the underlying lawsuit are specifically excluded from coverage and, therefore, Peerless has no duty to defend Disla or to indemnify him if a judgment is rendered against him. Peerless has filed a motion for summary judgment, to which defendant Kosbob has responded, asking this court to exercise its discretion and dismiss the declaratory judgment action because of the pendency of the state court proceedings. For the reasons set forth below, we deny Kosbob's motion to dismiss and grant the motion for summary judgment of Peerless.

### Background

The underlying state-court lawsuit arises out of a tragic incident in which Mathew Kosbob was viciously beaten by four youths in a school parking lot in Stamford, Connecticut, on July 28, 1995. Mathew sustained serious head trauma, paralysis, and loss of bodily functions. He reportedly remains totally bed-ridden in a near vegetative state. The four assailants were all under the age of twenty-one at the time of the attack and were under the influence of alcohol, which they had allegedly purchased from the Cove Road Grocery Store earlier that evening.

In the state court action, Kosbob has sued twenty-two defendants. The claims asserted against defendant Disla are in his capacity as a permittee and backer of a liquor permit granted by the State of Connecticut Department of Liquor Control to sell alcoholic beverages at Cove Road Grocery in Stamford, Connecticut. The complaint alleges that, between 6:00 p.m. and 9:30 p.m. on July 28, 1995, Disla, or his agents or employees, sold to the four under-age assailants, significant quantities of alcoholic beverages, which they consumed. The complaint alleges that a significant contributing cause of the attack on Mathew Kosbob was the negligence of Disla in selling intoxicating beverages to persons under the age of twenty-one, which was also in violation of Conn.Gen.Stat. § 30–86.

### Discussion

#### I. Motion to Dismiss of Defendant Kosbob

Before delving into the merits of the summary judgment motion, we address defendant Kosbob's motion to dismiss, in which he asks us to decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, because of the pendency of the earlier filed state court action. Kosbob relies on the decisions of Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), in which the Supreme Court addressed the discretion afforded a district court to stay a declaratory judgment action pending the determination of parallel state court proceedings. In Wilton, the Supreme

Court reaffirmed its holding in *Brillhart* that a district court has broad discretion to determine whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. 515 U.S. at 282. Although neither *Brillhart* nor *Wilton* set forth an exclusive list of factors governing the district court's exercise of that discretion, both decisions instruct that a district court should examine the scope of the pending state court proceedings and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. *Id.* at 283; *Brillhart*, 316 U.S. at 495.

■ Unlike the facts in *Wilton*, in this case the insurer is not a party to the state court proceedings. The state suit involves the liability of multiple parties for the personal injuries sustained by Mathew Kosbob; it does not involve the insurance coverage issue presented in this declaratory judgment action. This is not a situation where the insurance coverage issue would better be decided in the state court action; it is not even an issue in that proceeding. Therefore, we decline to exercise our discretion to stay or dismiss these proceedings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. Aetna Cas. & Sur. Co.*, No. 3:96CV1054(AHN), 1996 WL 684413 (D.Conn. Nov.7, 1996).

## II. The Motion for Summary Judgment of Peerless

At all times relevant to the underlying complaint, Peerless provided commercial liability coverage to Braulio Disla d/b/a Cove Road Grocery Store under policy BOP 9000651. It did not, however, provide liquor liability or Dram Shop insurance coverage to Disla. Policy BOP 9000651 contained a specific exclusion for

c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

It is undisputed that Cove Road Grocery Store sold alcoholic beverages. Defendant Kosbob, however, asserts that Disla was not in the business of selling alcoholic beverages; rather he was in the business of selling groceries.

■ An insurer's duty to defend is determined by the allegations of the underlying complaint. The duty of the insurer to defend or indemnify is based upon whether the complaint states facts which appear to bring the claimed injury within the coverage of the policy. On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend. *Smedley Co. v. Employers Mut. Liability Ins. Co.*, 143 Conn. 510, 516–17, 123 A.2d 755 (1956); *General Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1088 (D.Conn.1984), *aff'd*, 767 F.2d 907 (2d Cir.1985). It is the function of the court to construe the provisions of the insurance contract and, if no material facts are at issue, the question of whether coverage exists is a question of law that is appropriately decided on a motion for summary judgment. *Jurrius v. Maccabees Mut. Life Ins. Co.*, 587 F.Supp. 1301, 1305 (D.Conn.1984).

■ In this case, the court finds that the language of the exclusion is clear and unambiguous. The Peerless policy does not provide coverage for bodily injury claims for which its insured may be liable by reason of his causing or contributing to the intoxication of any person or by reason of his selling liquor to persons under the age of twenty-one. This is precisely what is alleged in the underlying complaint—that Disla is liable by reason of his selling alcoholic beverages to the individuals who attacked plaintiff and who were under the age of twenty-one. *See Penn–America Ins. Co. v. LTJ Corp.*, 950468305 S, 1996 WL 465744 (Conn.Super. July 23, 1996).

The only issue raised by Kosbob's opposition to the motion for summary judgment is whether Disla was "in the business of" selling alcoholic beverages. Certainly, the sale of alcoholic beverages was part of Disla's grocery business, for he had gone to the trouble and expense of obtaining a liquor permit. Moreover, Kosbob has sued Disla "as the permittee and backer of a liquor permit granted by the State of Connecticut Department of Liquor Control to sell alcoholic beverages at Cove Road Grocery." There is nothing in the language of the policy exclusion that requires the sale of liquor to be the insured's primary business. We find that Disla was in the business of selling alcoholic beverages and, therefore, the exclusion applies.

### Conclusion

Accordingly, the court finds that there is no genuine issue of material fact and that Peerless has no duty to defend Disla in the state court action brought by William Kosbob and has no obligation to indemnify Disla if he is found liable in that suit. The court GRANTS the motion of Peerless for summary judgment [**Doc. # 16**] . The court DENIES the motion of defendant Kosbob to dismiss [**Doc. # 20**].

**SO ORDERED.**