**BRIDGEPORT MACHINES, INC.**

**v.**

**ALAMO IRON WORKS, INC.
and Southwest Industrial
Sales, Co.**

**No. 3:98CV313(JBA).**

United States District Court,
D. Connecticut.

July 9, 1999.

Steven Berglass, Douglas M. McAllister, Seeley & Berglass, New Haven, CT, for Bridgeport Machines, Inc., plaintiff.

Joel Z. Green, Green & Gross, P.C., Bridgeport, CT, R. Laurence Macon, Nancy L. Farrer, Akin, Gump, Strauss, Hauer Feld, San Antonio, TX, for Alamo Iron Works Inc, defendant.

David L. Belt, Alinor Clemans Sterling, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Margaret Appenfelder, T. Morgan Ward, Jr., Stites & Harbison, Louisville, KY, for Southwest Indus. Sales Co, defendant.

### RULING ON ALAMO IRON WORKS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6) FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER [DOC. # 54]

ARTERTON, District Judge.

Defendant, Alamo Iron Works, Inc., ("Alamo Iron Works"), moves to dismiss this action under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that this Court should exercise its discretion to abstain from accepting jurisdiction over Bridgeport Machine's declaratory judgment claim since these matters are more suited to resolution in the pending action in Texas state court, or in the alternative, to stay this action in its entirety pending the outcome of the state court proceeding.

### Nature of Federal and State Court Complaints

Bridgeport Machines, a manufacturer of machine tools, filed this diversity action in February 1998, and served the defendants in April 1998. The requested declaratory relief arises from ongoing disputes between Bridgeport Machines and two of its Texas distributors, Alamo Iron Works and Southwest Industrial Sales, relating to these distributors' claims that Bridgeport Machines has violated their exclusive sales territories by selling to other distributors, and by failing to take remedial action against other distributors who have violated their exclusive territory. Bridgeport Machines claims the defendants currently owe accounts past due, have failed to comply with various portions of the their distributor agreements and are insisting that Bridgeport Machines take actions prohibited by federal antitrust law.

In the Amended Complaint, Bridgeport Machines states: "[t]his action is brought for a declaratory judgment with ancillary relief pursuant 28 U.S.C. §§ 2201 and 2202, for damages, and for other relief." Am.Compl. at ¶ 4. In the First Claim for Relief, Bridgeport requests this Court determine, declare or enforce the rights and obligations of the parties related to: (1) various agreements and understandings between the parties; (2) "the commercial relations of advertising, promotion, marketing, and sale between Bridgeport Machines and defendants" (Am.Compl. at 12); (3) defendants' demands on Bridgeport

Machines to refrain from selling to other distributors in the state of Texas; and (4) defendants' debts due and owing Bridgeport Machines. In the Second Claim for Relief, Bridgeport Machines seeks ancillary relief including all "such orders, including injunctive relief, as are necessary to preserve the Court's jurisdiction," interest, compensatory damages, costs, interests and expenses of this action, punitive damages and "such other and further relief as this Court deems just and appropriate." (Am.Compl. at 13).

Separately, in April 1998, Alamo Iron Works initiated a state court action in Texas against Southwest Industrial Sales claiming tortious interference with employee relationships, as well as with present and prospective business relationships based on its claimed exclusive sales territory under its contract with Bridgeport Machines. In January 1999, Alamo Iron Works filed an amended complaint adding: 1) Bridgeport Machines as a defendant; 2) two additional causes of action—breach of contract and fraud and misrepresentation; and 3) request for injunctive relief protecting what it claims to be its exclusive sales territory.

**Discussion**

Alamo Iron Works does not dispute that this Court has diversity jurisdiction over this action, but rather seeks that this Court exercise its discretion to abstain from hearing this declaratory judgment action or stay this proceeding during the pendency of the Texas state court action.

■ As made clear in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Even though "by the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288, 115 S.Ct. 2137. "[O]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (district court erred in dismissing action for declaratory judgement absent any finding that insurance company's declaratory relief action could have been raised in the state court proceeding). Here, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. at 288, 115 S.Ct. 2137 (affirming district court's order staying underwriters' declaratory judgment action seeking declaration that their commercial liability policies provided no coverage pending resolution of later-filed state court action encompassing the same coverage issues).

■ The Second Circuit has summarized the issues this Court should consider:

> Specifically, the district court's inquiry should examine the scope of the pending state court proceeding and the nature of defenses open there, and should entail consideration of ... whether the claims of all the parties in interest can satisfactorily be adjudicated in the pending state court proceeding.... [A]t least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if permitted the federal declaratory action to proceed. In the last analysis, the question for the court is whether the questions in controversy between the parties to the federal suit can be better settled in the proceeding in the state court.

*National Union Fire Ins. Co. of Pittsburgh v. Karp,* 108 F.3d 17, 22 (2d Cir. 1997) (citations omitted) (affirming district court's abstention in aviation liability insurer's interpleader action seeking declaratory relief that policy did not cover insured's liability to crash victims, in light of concurrent proceedings in state court).

The threshold issue is whether this federal action and the Texas state court action are truly concurrent or parallel. "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same, that is, there is an identity of parties, and the issues and relief sought are the same." *National Union Fire Ins. v. Karp,* 108 F.3d at 22 (1997). There is no doubt that all parties in this action are named in the state court action. *Compare Peerless Ins. Co. v. Disla,* 999 F.Supp. 261 (D.Conn.1998) (denying motion to dismiss federal declaratory judgment action by insurer seeking declaration of its duty to defend insured where insurer was not party to pending state action). Moreover, both suits implicate the same subject matter. The issue and relief sought in this action covers declarations on various aspects of Bridgeport Machine's relationships and agreements with the defendant distributors, although curiously Bridgeport Machines does not allege any breach of contract against Alamo Iron Works in this declaratory relief action. Similarly, the Texas state action also covers the disputes that have arisen from the relationship and various agreements between Alamo Iron Works, Southwest Industrial Sales, and Bridgeport Machines, although brought as claims of breach of contract, tortious interference and fraud or misrepresentations. Thus, it is evident that assessing Alamo Works' claims will require the Texas court to address the controverted conduct by the parties which is implicated by both complaints. Interestingly, the timing of the filing of these actions and their different substantive forms suggest that Bridgeport Machines filed its declaratory judgment action in anticipation of Alamo Iron Works's breach of contract action based on their ongoing dispute. *See Ben & Jerry's Homemade, Inc. v. La Soul, Inc.,* 983 F.Supp. 499 (D.Vt.1997). Whether or not such filing constitutes a "defensive tactical maneuver" or not, need not be decided in the Court's determination of whether to exercise its discretion to stay Bridgeport Machine's declaratory judgment. *Compare Ben & Jerry's Homemade, Inc. v. La Soul, Inc.,* 983 F.Supp. 499 (D.Vt.1997) (dismissing declaratory judgment claim based on parallel state court proceeding where federal court found manufacturer's filing of federal declaratory judgment action was a procedural manipulation or "a classic example of a race to the courthouse.").

Bridgeport Machines's claim that any dispute with Alamo Iron Works must be brought in a Connecticut forum, whether state or federal, based on a forum selection clause contained in certain contracts, may be litigated in the Texas state court action, which is equally well situated to determine the merits of Bridgeport Machine's argument. Even though the Texas state court's resolution of the forum issue would be binding on these parties, plaintiff does not articulate how this fact should be weighed against this Court staying this declaratory judgment action until the state action is resolved. Furthermore, to the extent Bridgeport Machines' defends its conduct in declining Alamo Iron Works' demands for protection of its exclusive sales territory as mandated under federal antitrust law, no reason is given why such defense cannot be raised in state court.

Under all these circumstances, the Court concludes that Bridgeport Machine's declaratory judgment action should be stayed to await the outcome of the forthcoming trial in the Texas state court invoking the same parties, same contracts and disputatious relationships. *See Wilton,* 515 U.S. at 288, 115 S.Ct. 2137 ("noting that where the basis for declining to proceed is the pendency of a state proceeding,

a stay will often be preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.")

Although the Texas state court action is "parallel" to the Bridgeport Machine's declaratory judgment claim as it relates to Alamo Iron Works's contracts, it is not currently parallel as to Southwest Industrial Sales, since both Bridgeport Machines and Southwest Industrial Sales are co-defendants and thus its outcome will not necessarily resolve Bridgeport Machine's efforts to obtain determination of its rights, obligations and duties as between Bridgeport Machines and Southwest Industrial Sales under their separate contracts. While the contracts between Southwest Industrial Sales and Bridgeport Machines may be required to be construed in the Texas state court action in order to determine Alamo Irons Works against each, the Texas state court action will not directly resolve claims between Southwest and Bridgeport Machines. However, Bridgeport Machines and Southwest have represented to the Court that they have resolved their claims against each other which perhaps explains the absence of cross claims between them. Notwithstanding this non-concurrence under these circumstances, and in the interests of practicality and efficient judicial administration, this action is ordered in its entirety during the pendency of the state court proceeding.

### Conclusion

For the foregoing reasons, Alamo Iron Work's Motion to Dismiss or Stay this Action, [doc. # 54], is GRANTED insofar as Bridgeport Machine's declaratory judgment action is stayed pending resolution of the Texas state court action.

IT IS SO ORDERED.