### KONOVER CONSTRUCTION CORP., Plaintiff,

v.

### ROYAL INDEMNITY CO., f/k/a American and Foreign Insurance Co., and United Fire Insurance Co., Defendants.

#### No. 3:05CV1147(MRK).

United States District Court,
D. Connecticut.

Nov. 9, 2005.

---

Ignatius John Melito, S. Dwight Stephens, Melito & Adolfsen, New York City, for Plaintiff.

Melicent B. Thompson, Thomas C. Clark, Litchfield Cavo, Avon, CT, Calum B. Anderson, Danaher Lagnese & Neal, P.C., Hartford, CT, for Defendants.

### Ruling and Order

KRAVITZ, District Judge.

This is an insurance coverage dispute between Plaintiff Konover Construction Corp. and Defendants Royal Indemnity Co. ("Royal") and United States Fire Insurance Co. ("US Fire"). Briefly stated, Royal and U.S. Fire were the primary and umbrella liability carriers, respectively, for Soneco/Northeastern, Inc., a subcontractor hired by Konover. Two workers (Richard Archambault and Dubie Sowell) were injured in a construction accident, and they sued Soneco and Konover in state court. After Soneco was dismissed from the underlying state court actions, Sowell and Archambault prevailed on their negligence claims against Konover, the jury awarding Sowell $2.8 million and Archambault $3.4 million. Konover argues that it was an additional insured on Soneco's insurance policies from Royal and U.S. Fire, and that those companies had a duty to defend and indemnify Konover on Sowell's and Archambault's claims.

Konover filed the present action against Royal and U.S. Fire on July 18, 2005. Subject matter jurisdiction is founded on diversity and the Complaint [doc. # 1] contains four counts, each of which seeks a declaratory judgment that Royal and U.S. Fire had a duty to defend and indemnify Konover. On July 28, Royal Indemnity filed suit against Soneco and Konover in Hartford Superior Court (the "state action") seeking a declaratory judgment that it did not have a duty to defend or indemnify Konover. *See Royal Indemnity Co. v. Soneco Northeastern, Inc. and Konover Construction Co.*, Docket No. HHD–CV–05–4015397. Royal now moves to stay or dismiss this action pending the outcome of the state suit. *See* Motion to Stay or Dismiss [doc. # 10]. For the reasons stated below and during an on-the-record telephonic conference with the parties on November 9, 2005, the Court GRANTS the Motion to Stay or Dismiss [doc. # 10] and stays this action until further order of the Court.

In arguing that the present action should be stayed or dismissed in favor of the state court action, Royal Indemnity relies heavily on *Wilton v. Seven Falls Company*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). There, an insurer brought a declaratory judgment action in federal court under diversity jurisdiction, and then the insured brought an identical action in state court a month later. The district court decided to stay the federal action pending resolution of the state court action, and the Supreme Court held that the district court had not abused its discretion in entering a stay. *Wilton* made clear that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional pre-

requisites." *Id.* at 282, 115 S.Ct. 2137. In deciding whether to enter a stay, the Supreme Court directed district courts to "examine 'the scope of the pending state court proceeding and the nature of defenses open there.' This inquiry, in turn, entails consideration of 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.' " *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137 (internal citations omitted) (quoting *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). Finally, the Court in *Wilton* stated that "at least where another suit involving the same parties and presenting the opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137 (alteration in original) (internal citations omitted) (quoting *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173).

The Second Circuit has upheld a district court's decision to stay a declaratory judgment proceeding when another proceeding raising the same issues is pending in state court. *See, e.g., National Union Fire Ins. Co. of Pittsburgh v. Karp,* 108 F.3d 17, 22–23 (2d Cir.1997) (upholding district court's decision to stay federal action involving disputed insurance coverage where "the district court considered the nature of the Connecticut state court action, and whether that action would satisfactorily adjudicate the issue of coverage disputed by" the parties). And district courts often choose to stay under such circumstances. *See, e.g., Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.,* 76 F.Supp.2d 205 (D.Conn.1999); *National Union Fire Ins. Co. of Pittsburgh v. Coric,* 924 F.Supp. 373

(N.D.N.Y.1996), *rev'd in part on other grounds,* 108 F.3d 17 (2d Cir.1997). Indeed, where courts have found that a stay was inappropriate, there is usually some compelling reason, such as the fact that the case involved novel issues of federal law. *See Youell v. Exxon Corp.,* 74 F.3d 373, 376 (2d Cir.1996) ("[T]he instant case [is] fundamentally distinct from *Wilton* because ... federal law supplies a rule of decision.") (internal quotation marks omitted) (third alteration in original).

This Court concludes that a stay is appropriate in this case for several reasons. First, both parties agree that the issues in this case and the state case are identical and both lawsuits seek a declaration of rights. As a consequence, all parties agree that these issues should be resolved by only one court, not two. That the state action was filed after this lawsuit is of no consequence, as *Wilton* makes clear. Second, the parties also agree that the issues presented are solely issues of state law and that those issues have not yet been decided definitively by any appellate court in Connecticut. Thus, this case presents undecided issues of state law and no issues of federal law. In that circumstance, it is much more appropriate and sensible to "ventilate" those novel issues of state law in state court. *See Wilton,* 515 U.S. at 283, 115 S.Ct. 2137. Third, Soneco, whose insurance is the focus of this lawsuit, is a party to the state court action but is not a party to this action and could not be made a party, since adding Soneco to this action would destroy complete diversity. Whether Soneco is considered an "indispensable" party or only merely "necessary," it makes much more sense to resolve these issues in a forum in which all parties with an interest may participate.[1] That forum is the state court, not this Court.

While Royal urges the Court to dismiss this action, the Court will exercise its dis-

---

1. Royal did not name U.S. Fire as a party in

the state action, but during the telephonic

cretion to stay the case pending the outcome in state court in the event there is anything left for this Court to decide. The parties shall periodically file joint written status reports with the Court to keep the Court apprised of the progress of the state action. Sowell and Archambault had sought to intervene in this action, but since the Court has decided to stay the case pending the outcome in state court, the Court will deny their motions to intervene without prejudice to renewal if necessary and without considering the merits of their request.

In conclusion, the Court GRANTS Royal's Motion to Stay or Dismiss [doc. # 10]. The parties shall file a joint written status report on **May 9, 2006,** and will serve a copy of the report on counsel for Soneco as well as counsel for Archambault and Sowell. The Court DENIES WITHOUT PREJUDICE the Motions to Intervene [doc. # 22, 25] of Dubie Sowell and Richard Archambault.

IT IS SO ORDERED,

conference on November 9, 2005, the Court was assure that U.S. Fire would be made a party to the state action.